**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| DELTA BLACK AEROSPACE, INC., Plaintiff, v. HOP FLYT, INC., Defendant. | Civil Action No. 4:26-cv-1530 JURY TRIAL DEMANDED |

**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND NO BREACH OF CONTRACT**

Plaintiff Delta Black Aerospace, Inc. ("Delta Black") files this Complaint for Declaratory Judgment against Defendant Hop Flyt, Inc. ("Hop Flyt") and seeks a declaration that Delta Black does not directly or indirectly infringe any claim of United States Patent Nos. 10,696,390 (the "'390 Patent") (attached as Exhibit A), 11,820,509 (the "'509 Patent") (attached as Exhibit B), and 7,487,935 (the "'935 Patent") (attached as Exhibit C) (collectively, the "Patents-in-Suit"), either literally or under the doctrine of equivalents, and that Delta Black did not breach its Settlement Agreement & Mutual Release, effective August 11, 2026 (the "Settlement Agreement") (attached as Ex. D). Delta Black alleges as follows:

## NATURE OF THE ACTION

1. This is an action for a declaratory judgment of non-infringement arising under the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, and for a related declaratory judgment that Delta Black has not breached its August 11, 2026 Settlement Agreement with Hop Flyt.

2. Delta Black strives to be the global leader in drone technology, delivering innovative solutions that protect lives and safeguard national interests by prioritizing the warfighter and always delivering mission success. Delta Black was incorporated on August 5, 2024. In particular, Delta Black is currently developing, building, and marketing a state-of-the-art drone, the Raider 330, a true hybrid-electric platform that features vertical takeoff and landing capabilities. The Raider 330 is designed to operate efficiently in highly contested and GPS-denied environments, ensuring mission success in the most challenging scenarios.

3. Hop Flyt has accused the Raider 330 of infringing the Patents-in-Suit. Hop Flyt previously granted Delta Black a royalty-bearing license under certain Hop Flyt patent rights, including the ’390 Patent and the ’935 Patent. A dispute later arose over Hop Flyt’s notice purporting to terminate the license agreement, and Delta Black filed suit against Hop Flyt in Cause No. 493-09881-2025 in the 493rd Judicial District Court of Collin County, Texas. The parties resolved that lawsuit through a settlement agreement effective August 11, 2026, which confirmed that the license agreement was terminated as of that date. Ex. D (Settlement Agreement) ¶ 6(a). On October 12, 2026, Hop Flyt’s counsel demanded that Delta Black remove all Raider 330 advertising and provide documents and technical explanation to demonstrate it does not use Hop Flyt intellectual property. Ex. E (October 12, 2026 Email). Based on prior discussions and interactions between the parties, Delta Black understands “intellectual property” to mean the Patents-in-Suit. On October 15, 2026, Hop Flyt representatives told government officials that Delta Black has been and is currently fraudulently using Hop Flyt’s patented technology, which is undoubtedly referring to the Patents-in-Suit. On October 16, 2026, a United States congressional representative informed Delta Black of the Hop Flyt representatives’ October 15, 2026 statements from the day before.

4. Hop Flyt has repeatedly stated in the past that it believes the Raider 330 infringes Hop Flyt's patents, including the Patents-in-Suit. Even while negotiating the Settlement Agreement, Hop Flyt told Delta Black that it was carving out its patent rights, which it intended to assert against Delta Black.

5. The Raider 330 does not practice the claims of the Patents-in-Suit. Among other things, the Raider 330 has no retractable mechanism or retractable duct or shroud for converting a propeller between ducted and un-ducted states, which each claim of the '390 Patent and the '509 Patent requires, and it has no air cushion system mounted beneath its fuselage, which each claim of the '935 Patent requires.

6. Hop Flyt's demands, in the context of the terminated license agreement, Hop Flyt's express reservation of patent infringement claims, Hop Flyt's prior assertions that it believes Delta Black uses its patented technology, and Hop Flyt's recent conduct and statements to government officials, have created a cloud over the Raider 330 and Delta Black's business. Delta Black therefore seeks a declaratory judgment that it does not infringe the Patents-in-Suit and that, because the Raider 330 does not infringe the Patents-in-Suit, Delta Black has not breached Paragraph 6(a) of its Settlement Agreement with Hop Flyt by continuing to make and sell the Raider 330.

## THE PARTIES

7. Delta Black is a corporation organized and existing under the laws of the State of Texas, with its principal place of business at 1476 Industrial Blvd., Suite 270, McKinney, Texas 75069.

8. On information and belief, Hop Flyt is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business at 31856 Crosswind Drive, Salisbury, Maryland 21804. Hop Flyt is identified as the assignee of the Patents-in-Suit.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a), 2201(a), and 2202 because this action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act. This Court has supplemental jurisdiction over Delta Black's claim for a declaratory judgment of no breach of the Settlement Agreement under 28 U.S.C. § 1367(a) because that claim is so related to Delta Black's patent claims that it forms part of the same case or controversy. Whether Delta Black has breached the Settlement Agreement is related to whether the Raider 330 infringes the Patents-in-Suit.

10. This Court has personal jurisdiction over Hop Flyt. Hop Flyt conducts significant business and performs testing operations in Texas. Hop Flyt currently licenses its patents to XMX Defense, a drone manufacturer headquartered in Mineral Wells, Texas. On information and belief, numerous Hop Flyt employees serve as directors of XMX Defense's board. Hop Flyt conducts autonomous test flights for its Squall aircraft in Texas and advertises these flights on Facebook. Ex. F (Facebook post PDF). Hop Flyt has also consented to personal jurisdiction in Texas by virtue of agreeing to a venue provision in the Settlement Agreement that venue would like in Collin County, Texas.

11. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because Hop Flyt is subject to personal jurisdiction in this District and because a substantial part of the events giving rise to Delta Black's claims occurred in this District, where Delta Black is headquartered and where the Raider 330 is designed, developed, and tested. The Settlement Agreement also states that "[s]hould a dispute arise related to this Agreement, venue shall lie in Collin County, Texas," which is a county within the Sherman Division of this District. Ex. D (Settlement Agreement).

12. An actual, substantial, immediate, and justiciable controversy exists between Delta Black and Hop Flyt as to whether Delta Black infringes the Patents-in-Suit and whether Delta

Black has breached the Settlement Agreement (Delta Black has not breached), of sufficient immediacy and reality to warrant a declaratory judgment. The Federal Circuit has held that the determination of whether a declaratory judgment action presents an Article III controversy rests on "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Cat Tech LLC v. TubeMaster, Inc.*, 528 F.3d 871, 879 (Fed. Cir. 2008) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)). This determination must be made "based on 'all the circumstances,'" not merely on whether the declaratory judgment plaintiff is under a reasonable apprehension of suit. *Id.* at 879–80 (quoting *MedImmune*, 549 U.S. at 127). In this case, Delta Black has been injured in fact by Hop Flyt representatives' statements to government officials and a declaratory judgment of non-infringement will redress this injury. Furthermore, Delta Black is under a reasonable apprehension of patent litigation—Hop Flyt has asserted that the Raider 330 infringes the Patents-in-Suit, as described in Paragraphs 3-6 above and in the Background below.

## **BACKGROUND**

### A. The Patents-in-Suit

13. The '390 Patent is entitled "Aircraft Having Independently Variable Incidence Channel Wings with Independently Variable Incidence Channel Canards." The United States Patent and Trademark Office ("USPTO") issued the '390 Patent on June 30, 2020, from U.S. Patent Application No. 15/676,054, filed August 14, 2017. Ex. A (390 Patent). Hop Flyt is identified as the assignee on the face of the '390 Patent. *Id.*

14. The '509 Patent is entitled "Retractable Duct Channel Wing." The USPTO issued the '509 Patent on November 21, 2023, from U.S. Patent Application No. 17/026,530, filed

September 21, 2020. Ex. B (509 Patent). Hop Flyt is identified as the assignee on the face of the ’509 Patent. *Id.*

15. The ’935 Patent is entitled “Aircraft Having Variable Incidence Wing and Air Cushion Landing System.” The USPTO issued the ’935 Patent on February 10, 2009, from U.S. Patent Application No. 11/478,165, filed June 29, 2006. Ex. C (935 Patent). Robert Allen Winston is the named inventor. *Id*. Robert Allen Winston assigned the ’935 Patent to Hop Flyt on June 17, 2020. Ex. G (935 Assignment).

**B. Hop Flyt’s Assertions Against Delta Black**

16. On August 29, 2024, Delta Black and Hop Flyt entered into a license agreement under which Hop Flyt granted Delta Black a royalty-bearing license under certain Hop Flyt patent rights, including the ’390 Patent and the ’935 Patent, to develop, make, use, market, offer for sale, and sell licensed products in a defined defense field for air vehicles 330 pounds gross weight and below. A dispute later arose over Hop Flyt’s notice purporting to terminate the license agreement, and Delta Black filed suit against Hop Flyt in Cause No. 493-09881-2025 in the 493rd Judicial District Court of Collin County, Texas. The parties resolved that lawsuit through a settlement agreement effective August 11, 2026, which confirmed that the license agreement was terminated at least as of that date. Ex. D (Settlement Agreement) ¶¶ 2, 6(a). In the Settlement Agreement, Hop Flyt expressly reserved “any claims related to the unauthorized use of the intellectual property Hop Flyt currently owns, including but not limited to all causes of action for patent infringement.” *Id.* ¶ 6(e). Hop Flyt has since accused the Raider 330 of infringing the Patents-in-Suit. On October 12, 2026, barely two months after the Settlement Agreement took effect, Hop Flyt’s counsel demanded that Delta Black remove all Raider 330 advertising and provide documents and a technical explanation demonstrating that the Raider 330 does not use Hop Flyt intellectual

property. Ex. E (October 12, 2026 Email). Because the license agreement has been terminated and Hop Flyt has expressly preserved its patent infringement claims, Hop Flyt's October 12 demand creates a real and immediate controversy and an imminent threat that Hop Flyt will sue Delta Black for patent infringement and for breach of the Settlement Agreement. This is particularly true in light of Hop Flyt's recent statements to government officials and statements in the past that it believes Delta Black is infringing its patents and intends to assert them against Delta Black.

**C. The Raider 330**

17. The Raider 330 is a vertical takeoff and landing aircraft with a fuselage and channel canards and channel wings that extend outward from the fuselage. The Raider 330 uses propellers mounted on the channel canards and channel wings that can be oriented to direct air downward. During vertical flight and hover, these propellers produce thrust by accelerating air downward, and the Raider 330 can lift off and hover without relying on proximity to the ground or any other surface.








18. The Raider 330 has no retractable mechanism associated with its propellers. It has no retractable duct or shroud that extends over or retracts from any propeller, and no mechanism that converts any propeller between ducted and un-ducted states.

19. The Raider 330 has no air cushion system mounted beneath its fuselage. It does not use a hovercraft-like air curtain or a cushion of pressurized air trapped beneath the fuselage to support the aircraft, and it has no catamaran-type hulls.

**COUNT I**

**(Declaratory Judgment of Non-Infringement of the ’390 Patent)**

20. Delta Black restates and incorporates by reference the preceding paragraphs as if fully set forth herein.

21. The ’390 Patent has eleven claims. Claim 1 is the only independent claim, and claims 2–11 depend from claim 1. Ex. A (390 Patent) at claims. Claim 1 recites:

> 1. An aircraft comprising: a fuselage; a first channel wing; a second channel wing; a first channel canard; and a second channel canard; wherein the first and second channel wings are coupled to the fuselage and have at least one propeller each, and where the first and second channel wings have controlled independently variable incidences relative to the fuselage; wherein the first and second channel canards are coupled to the fuselage and have at least one propeller each, and where the first and second channel wings have controlled independently variable incidences relative to the fuselage; **wherein at least one of a propeller of the channel wings and a propeller of the channel canards can become ducted propellers by enclosing the at least one of the propeller of the channel wings and the propeller of the channel canards with a retractable mechanism for takeoff and landing.**

22. Delta Black has not infringed and does not infringe, directly or indirectly, any claim of the ’390 Patent, either literally or under the doctrine of equivalents, at least because the Raider 330 does not meet every limitation of claim 1, and therefore does not meet every limitation of any claim of the ’390 Patent.

23. For example, claim 1 requires that “at least one of a propeller of the channel wings and a propeller of the channel canards **can become ducted propellers** by enclosing [the propeller] with a **retractable mechanism** for takeoff and landing.” *Id.* at claim 1 (emphasis added). The specification likewise describes a propeller that “can become a ducted propeller, by enclosing the propeller(s) with a retractable mechanism, for takeoff and landing.” *Id.* at 2:44–48. The Raider 330 has no retractable mechanism as claimed in the patent, and no propeller of the Raider 330 can become a ducted propeller by being enclosed with a retractable mechanism.

24. The Raider 330 does not meet this limitation under the doctrine of equivalents. Finding that an aircraft with no retractable mechanism is equivalent to the claimed aircraft would read the word "retractable" out of the claim and would vitiate the limitation entirely. An aircraft must have a retractable mechanism for it to infringe claim 1, but the Raider 330 does not have any retractable mechanism.








25. Additionally, claim 1 requires that "the first and second channel **wings** have controlled independently variable incidences **relative to the fuselage**." *Id.* at claim 1 (emphasis added). The Raider 330's first and second channel wings are fixed to its fuselage and do not rotate at all. Only the channel section of the Raider 330's channel wings—not the entire channel wing—rotate relative to the fuselage.




26. Because Delta Black does not directly infringe any claim of the '390 Patent, Delta Black also does not induce or contribute to infringement of any claim of the '390 Patent under 35 U.S.C. § 271(b) or (c). Delta Black's customers and end users likewise do not infringe any claim of the '390 Patent by using the Raider 330.

27. A substantial, immediate, and real controversy exists between Delta Black and Hop Flyt regarding whether Delta Black infringes the ’390 Patent by making, using, selling, offering to sell, or importing the Raider 330. A judicial declaration is necessary to determine the parties’ respective rights regarding the ’390 Patent.

28. Delta Black seeks a judgment declaring that Delta Black and its customers and end users do not infringe any claim of the ’390 Patent, either literally or under the doctrine of equivalents, directly under 35 U.S.C. § 271(a) or indirectly under 35 U.S.C. § 271(b)–(c).

## COUNT II

### (Declaratory Judgment of Non-Infringement of the ’509 Patent)

29. Delta Black restates and incorporates by reference the preceding paragraphs as if fully set forth herein.

30. The ’509 Patent has seven claims, all of which are method claims. Claim 1 is the only independent claim, and claims 2–7 depend directly or indirectly from claim 1. Ex. B (509 Patent) at claims. Claim 1 recites:

> 1. A method of safe and efficient flight, comprising: positioning a channel wing of an aircraft at an angle of greater than 45-degrees incident to a water line of the aircraft; **extending a retractable duct or shroud over a propeller mounted in a channel of the channel wing;** powering up the propeller that is surrounded by the extended duct in a manner that increases altitude; changing the angle of incidence of the wing in a manner that moves the aircraft forward; and **retracting the retractable duct into the wing as forward momentum is gained, such that the retractable duct is stowed inside the wing for forward cruise, wherein the retractable duct comprises a forward duct, a rearward duct that is to the rear of the forward duct along an axis of the propeller, and a bridge duct that is positioned between the forward and rearward ducts, and wherein the retracting and stowing of the duct is performed using a guide ring that is rigid and has a low drag airfoil shape.**

31. Delta Black has not infringed and does not infringe, directly or indirectly, any claim of the ’509 Patent, either literally or under the doctrine of equivalents, at least because neither Delta Black nor any user of the Raider 330 performs every step of claim 1, and therefore no one performs every step of any claim of the ’509 Patent.

32. For example, claim 1 requires “extending a retractable duct or shroud over a propeller mounted in a channel of the channel wing” and “retracting the retractable duct into the wing as forward momentum is gained, such that the retractable duct is stowed inside the wing for forward cruise.” *Id.* at claim 1. For similar reasons as explained above, the Raider 330 has no retractable duct or shroud. No duct or shroud of the Raider 330 is extended over a propeller, and none is retracted into or stowed inside a wing. Operating the Raider 330 therefore cannot perform these steps.








33. As further examples, and independently, the Raider 330 has no retractable duct comprising "a forward duct, a rearward duct . . . and a bridge duct that is positioned between the forward and rearward ducts," and has no "guide ring that is rigid and has a low drag airfoil shape" used to retract and stow a duct. *Id.* at claim 1.

34. The Raider 330 does not meet these limitations under the doctrine of equivalents. Finding that operating an aircraft with no retractable duct is equivalent to the claimed steps of extending and retracting a retractable duct would vitiate those limitations entirely.

35. Because operation of the Raider 330 cannot perform every step of any claim of the '509 Patent, Delta Black does not directly infringe, and does not induce or contribute to infringement of, any claim of the '509 Patent under 35 U.S.C. § 271(a), (b), or (c). Delta Black's

customers and end users likewise do not infringe any claim of the ’509 Patent by operating the Raider 330.

36. A substantial, immediate, and real controversy exists between Delta Black and Hop Flyt regarding whether Delta Black or its customers or end users infringe the ’509 Patent by making, using, selling, offering to sell, importing, or operating the Raider 330. A judicial declaration is necessary to determine the parties’ respective rights regarding the ’509 Patent.

37. Delta Black seeks a judgment declaring that Delta Black and its customers and end users do not infringe any claim of the ’509 Patent, either literally or under the doctrine of equivalents, directly under 35 U.S.C. § 271(a) or indirectly under 35 U.S.C. § 271(b)–(c).

## COUNT III

**(Declaratory Judgment of Non-Infringement of the ’935 Patent)**

38. Delta Black restates and incorporates by reference the preceding paragraphs as if fully set forth herein.

39. The ’935 Patent has twenty-six claims. Claims 1, 7, 21, and 24 are independent claims, and every other claim depends from one of them. Ex. C (935 Patent) at claims. Each independent claim requires “an air cushion system mounted beneath said fuselage.” *Id.* Claim 1 recites:

> 1. An aircraft comprising: a fuselage, at least one controlled variable incidence wing, coupled to said fuselage, the at least one wing having a controlled variable incidence relative to said fuselage, and **an air cushion system mounted beneath said fuselage providing a forced cushion of pressurized air ejected downwards against a surface below, for supporting the fuselage in ground effect when taxiing, take off and landing** wherein the angle of the controlled variable incidence wing is controlled during takeoff and landing to maintain the fuselage substantially horizontal so as to maintain support of the forced air curtain.

40. Claims 7, 21, and 24 each likewise require "an air cushion system mounted beneath said fuselage for supporting the fuselage when taxiing, take off and landing." *Id.* at claims 7, 21, 24. Claim 7 further requires that "the air cushion system further includes a portion of the wing between two catamaran type hulls, having a large rear flap to contain air in the air cushion at a rear portion of the wing portion," that the air cushion system include "a flotation and support system," and that it include "a movable portion of at least one of the leading edge and the trailing edge of the wing." *Id.* at claim 7.

41. Delta Black has not infringed and does not infringe, directly or indirectly, any claim of the '935 Patent, either literally or under the doctrine of equivalents, at least because the Raider 330 does not meet every limitation of any independent claim, and therefore does not meet every limitation of any claim of the '935 Patent.

42. For example, the Raider 330 has no "air cushion system" as that term is used in the '935 Patent. During prosecution, the applicant distinguished U.S. Patent No. 5,560,568 (Schmittle) by arguing that the claimed invention "uses a hovercraft-like air curtain to support the aircraft on the land or water during takeoff." Ex. H (935 Pros. History at page 21). The Raider 330 does not use a hovercraft-like air curtain or any cushion of pressurized air trapped beneath the fuselage to support the aircraft. Instead, its wing- and canard-mounted propellers generate thrust by accelerating air downward, and the Raider 330 can lift off and hover without relying on any hovercraft-like air curtain against a surface below.








43. As a further example, each independent claim requires "an air cushion system mounted **beneath said fuselage**." *Id.* at claims 1, 7, 21, 24 (emphasis added). The Raider 330 has

no air cushion system at all. The propellers of the Raider 330 are mounted on channel canards and channel wings that extend outward from the fuselage, not beneath it. The specification confirms that the claimed air cushion system is formed directly beneath the fuselage, describing a lift cavity formed between "two Catamaran type hulls 550, sealed at the rear by a large flap 520 and at the front by Kruger type flap 560," with air "fed through an opening 540 in the fuselage to provide a lift cushion." *Id.* at 5:5–15.

44. As a further example, claim 1 requires an air cushion system "providing a forced cushion of pressurized air ejected downwards against a surface below, for supporting the fuselage in ground effect," and a wing whose incidence is controlled "to maintain the fuselage substantially horizontal so as to maintain support of the forced air curtain." *Id.* at claim 1. The Raider 330 has no forced air curtain or cushion, and the incidence of its channel wings is not controlled to maintain support of any forced air curtain or cushion.

45. As a further example, claim 7 and its dependent claims require "two catamaran type hulls" and "a large rear flap to contain air in the air cushion." *Id.* at claim 7. The Raider 330 has no catamaran-type hulls and no rear flap that contains air in an air cushion.

46. The Raider 330 does not meet these limitations under the doctrine of equivalents. Among other reasons, Hop Flyt is barred by prosecution history estoppel from recapturing, through the doctrine of equivalents, lift systems that do not use a hovercraft-like air cushion, which the applicant surrendered to distinguish the prior art during prosecution. Finding equivalence would also vitiate the requirement that the air cushion system be "mounted beneath said fuselage."

47. Because Delta Black does not directly infringe any claim of the '935 Patent, Delta Black also does not induce or contribute to infringement of any claim of the '935 Patent under 35

U.S.C. § 271(b) or (c). Delta Black's customers and end users likewise do not infringe any claim of the '935 Patent by using the Raider 330.

48. A substantial, immediate, and real controversy exists between Delta Black and Hop Flyt regarding whether Delta Black infringes the '935 Patent by making, using, selling, offering to sell, or importing the Raider 330. A judicial declaration is necessary to determine the parties' respective rights regarding the '935 Patent.

49. Delta Black seeks a judgment declaring that Delta Black and its customers and end users do not infringe any claim of the '935 Patent, either literally or under the doctrine of equivalents, directly under 35 U.S.C. § 271(a) or indirectly under 35 U.S.C. § 271(b)–(c).

## COUNT IV

**(Declaratory Judgment of No Breach of the Settlement Agreement)**

50. Delta Black restates and incorporates by reference the preceding paragraphs as if fully set forth herein.

51. Delta Black, Unmanned Systems, Inc. d/b/a Albers Aerospace, Hop Flyt, and Robert and Lucille Winston entered into the Settlement Agreement, effective August 11, 2026 (attached as Ex. D), to resolve Cause No. 493-09881-2025 in the 493rd Judicial District Court of Collin County, Texas.

52. Paragraph 6(a) of the Settlement Agreement provides that the parties' prior license agreement "is terminated" and that "Delta Black, Albers, and any affiliated party have no right to use the technology licensed under that agreement or any other intellectual property owned by Hop Flyt." Ex. D (Settlement Agreement) ¶ 6(a). In Paragraph 6(a)(i), "Delta Black represents and warrants that it is not currently using the technology and/or intellectual property owned by Hop Flyt, and will not use said technology and/or intellectual property in the future." *Id.* ¶ 6(a)(i).

53. In the Settlement Agreement, Hop Flyt did not release "any claims related to the unauthorized use of the intellectual property Hop Flyt currently owns, including but not limited to all causes of action for patent infringement." *Id.* ¶ 6(e). The Settlement Agreement is governed by Texas law, and it provides that the prevailing party in a dispute related to the agreement "shall be entitled to its reasonable and necessary attorney's fees." *Id.* ¶¶ 10–11.

54. Hop Flyt has accused the Raider 330 of infringing the Patents-in-Suit and, on October 12, 2026, demanded that Delta Black remove all Raider 330 advertising and demonstrate that the Raider 330 does not use Hop Flyt intellectual property. Ex. E (October 12, 2026 Email). On information and belief, Hop Flyt contends that by continuing to make, sell, and offer to sell the Raider 330, Delta Black is using intellectual property owned by Hop Flyt, namely the Patents-in-Suit, in breach of Paragraph 6(a) of the Settlement Agreement.

55. Delta Black has not breached Paragraph 6(a) of the Settlement Agreement. For the reasons set forth in Counts I through III, the Raider 330 does not practice any claim of the '390 Patent, the '509 Patent, or the '935 Patent, either literally or under the doctrine of equivalents. Because the Raider 330 does not infringe the Patents-in-Suit, Delta Black's making, using, selling, and offering to sell the Raider 330 is not a use of intellectual property owned by Hop Flyt, and Delta Black has complied with its representation and warranty in Paragraph 6(a)(i). Further, the Raider 330 does not incorporate or use any other technology licensed under the license agreement or any other intellectual property owned by Hop Flyt.

56. A substantial, immediate, and real controversy exists between Delta Black and Hop Flyt regarding whether Delta Black has breached Paragraph 6(a) of the Settlement Agreement by making, using, selling, or offering to sell the Raider 330. A judicial declaration is necessary to determine the parties' respective rights and obligations under the Settlement Agreement.

57. Delta Black seeks a judgment under 28 U.S.C. § 2201 declaring that Delta Black has not breached the Settlement Agreement, including Paragraph 6(a) and Paragraph 6(a)(i), by making, using, selling, or offering to sell the Raider 330.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Delta Black demands a trial by jury on all issues and claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Delta Black respectfully requests that the Court enter judgment in its favor and against Hop Flyt as follows:

(a) A declaration that Delta Black has not infringed and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the ’390 Patent, the ’509 Patent, or the ’935 Patent;

(b) A declaration that Delta Black’s customers and end users have not infringed and do not infringe any claim of the ’390 Patent, the ’509 Patent, or the ’935 Patent by making, using, selling, offering to sell, or importing the Raider 330;

(c) A declaration that Delta Black is not liable for damages or injunctive relief based on any claim of the ’390 Patent, the ’509 Patent, or the ’935 Patent;

(d) An order enjoining Hop Flyt, and its officers, agents, employees, attorneys, successors, assigns, and all persons acting in concert or participation with them, from asserting or threatening to assert any claim of the ’390 Patent, the ’509 Patent, or the ’935 Patent against Delta Black or its customers, end users, suppliers, distributors, or partners with respect to the Raider 330;

(e) A declaration that Delta Black has not breached the Settlement Agreement, including Paragraph 6(a) and Paragraph 6(a)(i), by making, using, selling, or offering to sell the Raider 330;

(f) A finding that this is an exceptional case under 35 U.S.C. § 285 and an award to Delta Black of its reasonable attorneys’ fees, costs, and expenses, and an award of Delta Black’s reasonable and necessary attorney’s fees as the prevailing party under Paragraph 11 of the Settlement Agreement;

(g) An award of pre-judgment and post-judgment interest as allowed by law; and

(h) Such other and further relief as the Court deems just and proper.

Dated: October 19, 2026

Respectfully submitted,

*/s/ Rex Mann*
Rex Mann
State Bar No. 24075509
RMann@kslaw.com
James Kappos
State Bar No. 24143068
JKappos@kslaw.com
**KING & SPALDING LLP**
2601 Olive St., Suite 2300
Dallas, Texas 75201
Tel: (214) 764-4600
Fax: (214) 764-4601

Attorneys for Plaintiff Delta Black Aerospace, Inc.